O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1449 DOC (MLGx) Date: November 26, 2012

Title: G.M. ET AL. V. SADDLEBACK VALLEY SCHOOL DISTRICT

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera
Courtroom Clerk

N/A
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF: None Present

ATTORNEYS PRESENT FOR DEFENDANT: None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING IN PART DISTRICT'S MOTION FOR ATTORNEY'S FEES BUT REDUCING TOTAL FEES**

Before the Court is a Motion for Attorneys' Fees filed by Saddleback Valley Unified School District ("District"). (Dkt. 29). After reviewing the moving papers and other filings the Court GRANTS IN PART District's Motion, but REDUCES the number of hours for which District may seek fees.[1]

## I. Background

The facts of this case are already well known by the parties after roughly two years of litigation and summarized by this Court in its August 1, 2012, Order ("Order") (Dkt. 27). In short, Plaintiffs R.M. ("Student") and G.M. ("Mother") filed suit pursuant to the Individual with Disabilities Education Act ("IDEA"), appealing an administrative decision ("Decision") issued by an Administrative Law Judge ("ALJ") that found in favor of District on all of the issues raised by Plaintiffs. In the August 1, 2012, Order, this Court affirmed the ALJ's Decision, denied Plaintiffs' appeal, denied all of Plaintiffs' requests for relief, and stated that the Court was willing to entertain a motion for attorneys' fees from District. Order (Dkt. 27) at 16-17.

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

In addition to the facts summarized in the August 1, 2012, Order, this Court includes a few additional facts to provide context for this Motion.

On April 10, 2010, Mother, via her then-advocate Jillian Bonnington, filed a Request for Due Process ("First Action") with the Office of Administrative Hearings ("OAH"), alleging that the District failed to meet its obligations to provide Student with a free appropriate public education ("FAPE") during the 2009/2010 school year. Owen Decl. (Dkt. 31) ¶ 3, Ex. A.

In the First Action, Student twice failed to appear or provide notice of her failure to appear at administrative hearings.[2]

Mother then commenced the present action ("Present Action") by filing substantially the same complaint as in the First Action. Mother litigated the Present Action through counsel.

**II. Discussion**

In the present Motion, District seeks $57,813.50 in discounted attorneys' fees incurred while defending itself in the Present Action and on appeal, money which could otherwise have been used for public education and to provide special education services to students. The Court first concludes that District is entitled to fees because Mother's filing of and her attorney's continued litigation of the Present Action was frivolous, unreasonable, and lacked foundation and was done for the improper purpose of harassment and needlessly increasing costs. Next, the Court concludes that District's fees are reasonable after a slight reduction.

**a. Law regarding frivolous and improper purpose prongs**

---

[2] District is not seeking reimbursement for any attorneys' fees related to the First Action filed by Plaintiffs. Mot. at 3 n.3. This Court includes this fact merely to provide context to explain this Court's conclusion that Mother's filing of the Present Action was for an improper purpose.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



A school district that is a "prevailing party"[3] in an action brought under 20 U.S.C. § 1415 may recover attorneys' fees either:

> (II) . . . against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
>
> (II) . . . against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the costs of litigation.

20 U.S.C. §§ 1415(i)(3)(B)(i)(II)-(III); 34 C.F.R. § 300.517(a).[4]

The purpose of a fee award under these Sections is to deter frivolous cases and unreasonably demanding or litigious parents and their attorneys. *See El Paso Independent Sch. Dist. v. Berry*, 2010 U.S. App. LEXIS 23153 (5th Cir. 2010) (holding that FAPE claim was frivolous where the attorney stonewalled the District and continued to seek services that the student no longer required).

District seeks fees under both the "frivolousness" prong, 20 U.S.C. § 1415(i)(3)(B)(i)(II), as well as the "improper purpose" prong, *id.* at § 1415(i)(3)(B)(i)(III). The Court addresses each in turn.

**b. Frivolous prong**

[3] Plaintiffs do not dispute and this Court agrees that District is the prevailing party in the Present Action, having received a judgment in its favor both from the ALJ and this Court. *See* Opp'n at 1; AR, p. 34 ("Here, District prevailed on all issues."); Order (Dkt. 27) at 17 (inviting "District, as prevailing party, . . . to move for reimbursement for reasonably attorney's fees . . ."); *see also P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165 (9th Cir. 2007) (noting that one of the ways to obtain prevailing party status is through a judgment on the merits in the party's favor).

[4] Attorneys' fees that may be awarded under these Sections include fees incurred in preparing an attorneys' fees motion. *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992).

---

The Court first concludes that Mother's actions both below and on appeal demonstrate the unreasonableness and frivolity of the Present Action. Next, the Court rejects Mother's arguments to the contrary.

**1. Mother's stonewalling of District's efforts to assess Student and legal positions on appeal show that the filing of and continued litigation of the Present Action was frivolous, unreasonable, and without foundation**

District makes several arguments, one of which is that the Present Action and appeal were frivolous, unreasonable, and without foundation because Mother sought $70,000 for District's purported failure to assess Student for a disability or provide her with family therapy, yet it was Mother who stonewalled District's efforts to assess Student. In addition, Mother took unreasonable legal positions on appeal that were not supported by the plain language of the statute on which she relied or by citations to authority or the record.

**i. Frivolous and unreasonable positions before the ALJ**

Mother's theory of the case appears to have been that she was entitled to compensation for years of counseling, family therapy sessions, and tuition at for-profit and religious institutions in which Mother unilaterally placed Student because District: (1) had a "child-find duty" to assess Student for a disability based on District's knowledge of an unnamed depressive disorder and Student's subpar academic performance during the mere three months that Student attended District's school as a freshman (Order (Dkt. 27) at 11-14); or (2) denied Student an FAPE because District's IEP failed to pay for Student's counseling and family therapy (*id.* at 15).

Regarding Mother's theory that the child-find duty was triggered, this "action" was "frivolous" and "unreasonable" within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i)(II) because Mother sued for a purported harm—failure to assess Student—that was entirely of Mother's own making. Mother stonewalled District to prevent its assessment of Student, including: (1) refusing to sign the referral paperwork for a mental health assessment by OCHCA (AR, pp. 14, 17, 31); (2) intentionally withholding information

and records from District, including letters from private providers about their treatment of Student and recommendations (AR, pp. 14-15, 31)[5]; (3) refusing to allow the District to reassess Student to obtain current information (AR, pp. 17); (4) refusing to attend IEP Meetings (AR, p. 17); (5) failing to advise the District when Student returned from one for-profit institution, Sunrise, or that Mother had already decided to unilaterally place Student at another institution, Crean (AR, pp. 15-16); and (6) refusing to allow the District to communicate with Crean staff about Student's education, progress and present levels of performance (AR, p. 17).

Regarding Mother's theory about the IEP, Mother's stonewalling described above also shows that this claim was frivolous and unreasonable because Mother sought a remedy—payment for counseling and family therapy sessions—which Mother had actively prevented District from providing earlier. Indeed, the ALJ found that:

> Mother's refusal to allow the mental health assessment made it impossible for District to have offered the individual, group, and family therapy, Student now contends were required to provide her a FAPE. More importantly, at no time did Student share any information with District that she had obtained from private sources such as the Sunrise discharge summary or Pearlman's assessment. Although Student's expert Perlman was concerned that the IEP offer did not contain counseling, even he acknowledged that District has appropriately sought to refer Student to OCHCA to obtain such services.

AR, p. 31; *see also* Mot. at 10.

---

[5] Mother contends in her Surreply that she was free to sue District while also withholding information from it about Student because "no documents need be provided to the District until five business days before the due process." Surreply at 5 (citing Cal. Educ. Code § 56505(e)(7)). The discovery rules for a due process hearing are entirely beside the point. District's theory is that Mother must pay for fees because she sought relief for District's failure to assess Student when Mother would not allow District to assess Student. Nothing in the discovery rules permit Mother to have her cake and eat it too.

In sum, this Court agrees with District that Mother took frivolous legal positions below by demanding that District compensate her for failing to assess Student or provide family therapy despite the fact that it was *Mother* who unilaterally withdrew Student from the state, failed to produce Student for assessment, and refused to provide information about Student to District. In this sense, District's theory that Mother's filing and her attorney's continued litigation was frivolous and unreasonable is akin to an argument that Mother would have been equitable estopped from seeking relief.

**i. Frivolous and unreasonable positions on appeal**

Examples of Mother's frivolous and unreasonable positions on appeal include her failure to even identify a qualifying disability that Student purportedly had or for which Student purportedly should have been assessed, failure to cite even persuasive authority to support her legal contentions, and gross mischaracterization of the ALJ's Decision. First, as this Court noted in its Order, Mother "never addresse[d] the issue of whether Student even qualifies as a student with a disability or what that disability is," which forced this Court to "simply assume[] without deciding that she has a qualifying disability" and to speculate based on the ALJ's Decision as to what that purported disability might be. Order (Dkt. 27) at 10 n.3. Second, as this Court observed in its Order, Mother's argument about District's child-find duty was "made in one paragraph and without citation to authority." *Id.* at 12 n.6. Mother also raised another argument that she failed to exhaust below and which was unsupported by the plain language of the statute on which she relied, Cal. Ed. Code § 56029(a). *Id.* at 12, 12 n.7. Finally, as this Court stated in its Order, Mother multiple times "grossly mischaracterize[d] the record" when arguing that the ALJ's factual findings should be ignored, such as "cherry pick[ing] one sentence" in the ALJ's Decision that, when read in context, demonstrated that the Decision contained no "inaccuracy." *Id.* at 6-7, 16.

Thus, this Court agrees with District that Mother's filing and her attorney's continued litigation of the Present Action were frivolous, unreasonable, and without foundation.

**2. Mother's arguments are unpersuasive**

Mother contends that the Present Action was not frivolous, unreasonable, or without foundation, relying on the Ninth Circuit's recent observation that "so long as the

---

plaintiffs present evidence that, if believed by the fact-finder, would entitle them to relief, the case is per se not frivolous." *See R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). As an initial matter, this Court notes that Mother's arguments go only to frivolity, and thus are insufficient to rebut District's contentions or this Court's finding of unreasonableness and lack of foundation. Regardless, this Court is not persuaded by Mother's arguments as to frivolity.

**i. Mother identifies no fact dispute resolved against Mother which, had it been resolved in her favor, would have entitled her to relief**

First, Mother argues that she presented evidence that would have entitled her to relief if only the ALJ or this Court had "believed" the evidence. Opp'n at 4-5. Specifically, Mother contends that she presented evidence to support the following factual conclusions: (1) Student "had a long history of mental health difficulties"; (2) on October 19, 2009—after only one month of attendance at District's school—District was "made aware of" an unnamed "major depressive disorder" via e-mail from the person treating Student; (3) on November 23, 2009—just before Thanksgiving break—Mother "made an express request for special education evaluation"; and (4) District "did not initiate" such an assessment before the beginning of winter break on December 19, 2009, nor by December 29, 2009, at which point Mother unilaterally withdrew Student from the state and placed her at Sunrise, which is a private, for-profit entity and not a certified California Non-Public School. *See* Opp'n at 4-5; *see also* Order (Dkt. 27) at 3-4 (providing dates and detail).

By suggesting that the ALJ or this Court did not "believe" her evidence, Mother implies that there was a material fact dispute resolved against her that, had it been resolved in her favor, would have entitled her to relief. As with Mother's appeal, Mother's argument here once again grossly mischaracterizes the record and reasoning of the ALJ. The ALJ's Decision actually *contained* the factual conclusions mentioned above; however, the ALJ reasoned that these factual conclusions *did not entitle Mother to relief*. This Court agreed with the ALJ because Mother failed to cite authority to support her legal position and other authority contradicted her position. For example, Mother's argument that District's child-find duty was triggered was "made in one paragraph and without citation to authority." Order (Dkt. 27) at 11 n. 6. In addition, this Court explained that the "three months during which Student attended District were not

---

sufficient for District to distinguish between symptoms of Student's disability and normal student behavior." *Id.* At 14. As this Court stated:

> Student's emotional disturbance disability is a type of disability for which a child find duty is triggered only if District has observed the student over a long period of time; three months is not a long period of time. Student's other health impairment disability is a type of disability for which a child find duty is triggered only if the District is aware of its chronic or acute nature; the record does not show that District was made aware of this nature in the three months during which student attended.

*Id.* at 14.

In sum, Mother's argument fails because the factual conclusions she claims the ALJ did not believe do not, in fact, "entitle [her] to relief." *See Prescott*, 631 F.3d at 1126; *see also Crane-McNab v. County of Merced*, 773 F.Supp.2d 861, 882 (E.D. Cal. 2011) (explaining that, to present evidence that entitles a party to relief within the meaning of *Prescott*, the party must do more than present evidence that "support[s] one element of a claim").

**i. Mother can not immunize herself from a finding of frivolity by creating immaterial fact disputes**

Alternatively, Mother argues that *Prescott* should be read broadly to hold that, as a matter of law, no finding of frivolity is permitted where the litigation involved *any* fact dispute between the parent and district. *See* Opp'n at 3.

This Court rejects Mother's interpretation of *Prescott* as an invitation to waste judicial resources with impunity by preventing fee awards against a parent whose claim is supported only by implausible evidence or who creates immaterial fact disputes. *Prescott* disapproved of a finding of frivolity if a plaintiff presented "evidence that, if believed by the fact-finder, *would entitle* [plaintiff] *to relief*." *See R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). *Prescott* did not hold that a parent's presentation of *any* evidence, regardless of how implausible or immaterial, would immunize a parent from a finding of frivolity. Indeed, as another court has recently observed, the statement in *Prescott* on which Mother relies does "not mean that a plaintiff could present

---

completely false or nonsensical 'evidence' and avoid paying attorney's fees because, if believed, that evidence would entitle the plaintiff to relief." *Crane-McNab v. County of Merced*, 773 F.Supp.2d 861, 882 (E.D. Cal. 2011). Such an interpretation of the word "frivolous" in the IDEA would be different than interpretations of the same word in the Federal Rules of Civil Procedure and other statutes.

Rather, this Court interprets the holding in *Prescott* that a finding of frivolity is barred where the resolution of a fact dispute in the parent's favor "would entitle [the parent] to relief" means that the parent presented *plausible* evidence that created a *material* fact dispute. *See R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011).

The first fact dispute Mother mentions is her contention that she did not withdraw her request for special education services. This argument is a red herring because, even assuming Mother presented plausible evidence below to support this contention, this fact dispute is not material. Liability in this case does not turn on this fact dispute; rather, this Court concluded that the "three months during which Student attended District were not sufficient for District to distinguish between symptoms of Student's disability and normal student behavior." Order (Dkt. 27) at 14.

The second "fact dispute" Mother identifies is her contention that "District failed to make the OCHCA referral at the IEP" and thus "the IEP did not meet Student's emotional health needs," resulting in District denying Student a Free Appropriate Public Education ("FAPE"). Surreply (Dkt. 46) at 2-3. First, even assuming Mother presented plausible evidence below to support this contention, there is no fact dispute because this contention is entirely consistent with District's theory that it could not assess Student because Mother stonewalled District's efforts to do so by, for example, "refus[ing] to consent to the OCHCA referral and assessment." *See* Order (Dkt. 27) at 16. Second, even if this is a fact dispute, it is not a material one because resolution in Mother's favor would not have entitled her to relief. Rather, as this Court explained on appeal, Mother's theory was that the IEP denied Student an FAPE by failing to fund her family therapy sessions, and Mother "cite[d] no authority for the proposition that a public school must finance the family therapy sessions or other counseling for its depressed students." *Id.* at 14.

**b. Improper purpose prong**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

Mother contends that the "improper purpose" prong is a "higher threshold" than the frivolous prong because the former requires both frivolousness and improper purpose, relying on the Ninth Circuit's observation that "as a matter of law, a non-frivolous claim is never filed for an improper purpose." Opp'n at 8 (quoting *R.P. v Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). District does not dispute this contention. Regardless, this Court has already concluded in this order that Mother's action was frivolous.

This Court agrees with District that Mother's stonewalling, as described above, combined with her repeated failures to appear at two administrative hearings in the First Action and filing essentially the same complaint in the Present Action, shows that the Present Action was presented to harass, cause unnecessary delay, and to needlessly increase the costs of litigation.

Mother contends that her actions prior to obtaining counsel on August 25, 2010, are "irrelevant." Opp'n at 10. This contention profoundly misunderstands the plain language and purpose of the fee-shifting statutes. The plain language creates no safe haven for a parent who launches a frivolous attack on a school district merely because the attack is made more frustrating and meritless by the parent being pro se. Such a rule would ironically bar sanctions against those most deserving of them: parents whose claims are so meritless that no lawyers will take them.

Thus, this Court concludes that the Present Action was presented for any improper purpose, namely, to "harass," "cause unnecessary delay," and "needlessly increase the costs of litigation." *See* 20 U.S.C. § 1415(i)(3)(B)(i)(III).

### X. District's attorneys' fees are reasonable

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

District requests a total of $57,813.50 in attorneys' fees related to the underlying administrative hearing, the appeal before this Court and the preparation the present Motion. *See* Mot. at 12-31, Owen Decl. ¶¶ 11-22, Ex. G.

---

### a. The number of hours reasonable once reduced slightly

The evidence shows that District's counsel worked 263.9 hours to defend District over the course of almost two years of litigation. This time includes hours spent preparing for and conducting a five-day administrative hearing before OAH. Such preparation included analysis of witnesses and exhibits, reviewing Student's exhibits and drafting witness outlines for twelve witnesses, and meeting with witnesses.

These hours reflect remarkable efficiency on the part of District and are eminently reasonable, especially given that Mother's own frivolous actions needlessly prolonged this litigation. Mother can not now complain about the costs District incurred on appeal when Mother first stonewalled District's efforts to assess Student's mental health and then filed an appeal arguing, without authority, that District's failure to provide family therapy denied Student an FAPE. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 n. 11 (1986) (losing party "cannot litigate tenaciously and then be heard to complain about the time necessary by the [opposing side] in response.").

Mother first contends that the bills do not sufficiently describe the task performed in order for Student to attack their accuracy. Opp'n at 11. District has cured any purported defect by providing copies of the bills with the description of services unredacted. *See* Owen Decl. (Dkt. 45) ¶ 2, Ex. A. Furthermore, the prodigious amount of work product that District filed with the ALJ and this Court demonstrate that these hours were not idly spent.

Mother next contends that the unredacted bills contain two "matters unrelated to either the instant matter or the due process hearing below." Surreply at 5. First, Mother contends that attorneys' fees should not be awarded for fees incurred in preparation for IEP meetings, citing a statute that provides that "[a]ttorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation . . . ." 20 U.S.C. § 1415(i)(3)(D)(ii). Mother argues that District's "[e]ntries which include work preparing for and meeting regarding an IEP meeting" are: 01/07/11, 01/10/11, 01/31/11, 02/03/11, 02/07/11, and 02/09/11. *Id.* In addition, Mother argues that the 07/19/11 entry "relate[s] to a subsequent due process matter which was never litigated." *Id.*

---

District does not dispute in its Reply that attorneys' fees are unavailable for attendance at and preparation for IEP meetings.

However, the Court declines Mother's invitation to strike *all* hours containing a reference to the IEP meeting because the "affected entries" identified by Mother contain a multitude of other tasks unrelated to IEP meeting preparation. For example, the 2/9/11 entry describes the 4.9 hours of tasks as: "update evidence packet; confer with DePass re IEP Meeting and hearing; draft response to Student's reply in support of motion to continue; telephone conference with martin; draft PHC Statement; draft motion to strike proposed resolution number three." Owen Decl. (Dkt. 45) Ex. A at 24.

Instead, the Court REDUCES District's hours by 10.65 hours, which is equal to one half the hours billed in the affected entries (10.65 hours = .5 * (7.9 hours on 1/07/11 + .5 hours on 1/10/11 + 2.7 hours on 1/31/11 + 3.6 hours on 2/03/11 + 1.7 hours on 2/7/11 + 4.9 hours on 2/9/11).

Thus, the Court REDUCES the number of reasonable hours to 253.25, which is the difference between the 263.9 hours District seeks and the 10.65 hours that this Court reduces for affected entries (253.25 = 263.9 – 10.65). The Court holds that 253.25 hours is reasonable.

**b. The hourly rate is below market and thus more than reasonable**

Under the IDEA, reasonable attorneys' fee rates are "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). An attorney's customary billing rate is *prima facie* evidence of reasonableness. *Islamic Ctr. v. Starkfill*, 876 F.2d 465, 469 (9th Cir. 1989).

Mother does not dispute and this Court agrees with District that the hourly rate here is eminently reasonable because it is below the customary hourly rate of the primary attorneys who worked on this case. The two attorneys who primarily worked on this case billed at a discounted, composite rate of $215 per hour. Owen Decl. (Dkt. 31) ¶¶ 2, 16. Yet, Epiphany Owen's customarily hourly rates for 2010, 2011, and 2012, were $325, $330, and $335, respectively. *Id.* at ¶ 15. Similarly, Joseph Larsen's customary hourly

---

rate for the periods when he was involved in this litigation in 2011 and 2012 was $260 and $270 per hour, respectively. *Id.* at ¶ 16.

Thus, the hourly rate was reasonable.

## IV. Disposition

For the foregoing reasons, the Court GRANTS IN PART District's Motion for Attorneys' Fees, but REDUCES the number of hours for which District may seek attorneys' fees to 253.25 hours.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.



Initials of Deputy Clerk: jcb